# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC MITCHELL, individually and on behalf of all others similarly situated,<br><br>      Plaintiff – Appellant,<br><br>v.<br><br>RESEARCH IN MOTION, LTD., a Canadian corporation and RESEARCH IN MOTION, CORPORATION, a Delaware corporation,<br><br>      Defendants – Appellees. | No. 13-55022<br><br>D.C. No. 2:11-CV-08872-MWF<br>Central District of California,<br>Los Angeles<br><br>**PLAINTIFF-APPELLANT'S OPPOSITION TO DEFENDANTS-APPELLEES' MOTION TO DISMISS APPEAL** |

Christopher P. Ridout, Esq.
Caleb L.H. Marker, Esq.
RIDOUT LYON + OTTOSON, LLP
555 E. Ocean Blvd., Suite 500
Long Beach, California 90802
(562) 216-7380
(562) 216-7385 Facsimile

Bradley C. Buhrow, Esq.
ZIMMERMAN REED, PLLP
14646 N. Kierland Blvd., Suite 145
Scottsdale, Arizona 85254
(480) 348-6400
(480) 348-6415 Facsimile

*Attorneys for Plaintiff-Appellant Eric Mitchell*

I.  INTRODUCTION

Defendants-Appellees Research in Motion, LTD and Research in Motion Corporation[1] have filed a motion to dismiss the pending appeal by Plaintiff-Appellant Eric Mitchell ("Mitchell"). RIM's motion to dismiss primarily raises a single issue: whether this Court has jurisdiction to hear Mitchell's appeal. Specifically, RIM asserts that the order appealed from is not "final" and therefore, Mitchell cannot assert proper appellate jurisdiction under section 16(a)(3) of the Federal Arbitration Act, which provides for an immediate appeal from "a final decision with respect to an arbitration…" 9 U.S.C. §16(a)(3).

In making its argument, RIM principally relies on a portion of the holding of this Court's recent decision in *MediVas, LLC v. Marubeni Corp.,* 741 F.3d 4 (9th Cir. 2014). However, the unabbreviated holding of *MediVas* informs that "an order compelling arbitration but not explicitly dismissing the underlying claims" creates a rebuttable presumption that the order is an unappealable interlocutory order; however, this presumption can be overcome, and the finality of the order shown, by examining the context in which the order compelling arbitration was issued. *See MediVas*, 741 F.3d at 9. In this sense, RIM's conclusive assertion that "[o]rders falling short of outright dismissal…are not appealable" is deceiving.

---

[1] Defendants-Appellees Research in Motion, Ltd and Research in Motion Corporation have been doing business as "BlackBerry" and are collectively referred to herein as either "BlackBerry" or "RIM."

1

Here, a fair review of the circumstances surrounding the district court's order compelling arbitration shows that the order was intended to be "final decision." Further, it reasonably appears that the district court's retention of jurisdiction was solely related to confirming any judgment issued by the arbitrator – a retention that does not alter the finality of the order. A brief recount of the record below is necessary to a fair understanding of the order at issue.[2]

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Mitchell filed a class action complaint against RIM after an October 2011 service outage, which caused a worldwide service outage for BlackBerry users, leaving them without full text, e-mail and/or other services for a period of time during which Mitchell alleges BlackBerry users were unfairly charged. District Court Docket ("DCD") No. 4. Thereafter, RIM moved to compel arbitration pursuant to the arbitration provision found in the BlackBerry Software License Agreement. DCD No. 13.

On May 24, 2012, the district court heard oral argument on RIM's Motion to Compel. At the hearing the district court distributed a tentative order, which provided that the district court's "tentative view [was] that there [was] minimal

---

[2] The summary offered herein cannot reasonably be disputed. However, if this Court determines that the record is not properly before it at this time, Mitchell respectfully requests that the Court defer determination of this motion until the record has been certified and delivered to the Court or, in the alternative, that RIM's motion be denied without prejudice for renewal thereafter.

2

procedural unconscionability and sufficient substantive unconscionability for the contract to be deemed unconscionable under California law post-*Concepcion*." *See* Tentative Order, at 1 (Exhibit A)[3]; *see also* DCD No.26. Although the district court believed the arbitration agreement was unconscionable, it ordered the parties to submit supplemental briefs addressing whether the substantively unconscionable provisions in RIM's arbitration agreement could be severed. DCD No. 26.

After considering the supplemental briefing, the district court found "the arbitration agreement in the Service Agreement unconscionable[,]" but decided it could "sever[] the offending provisions[.]" DCD No. 39 at 16. Having severed the unconscionable provisions, the district court granted RIM's motion to compel. *Id.* In granting RIM's Motion to Compel, however, the district court neither explicitly dismissed nor explicitly stayed the action. The district court simply provided that it would retain jurisdiction "for the purposes of entertaining any motion to confirm the award of the arbitrator and for granting such other relief as the Court may deem proper." *Id.*

### III.  ARGUMENT

The issue before this Court on RIM's Motion to Dismiss Appeal is whether the district court's order compelling arbitration, but not explicitly dismissing nor staying the action, is an appealable "final decision" under the Federal Arbitration

---

[3] All exhibits referenced herein are contained in the addendum attached hereto and filed concurrently herewith.

3

Act ("FAA"). The FAA permits immediate appeals where there has been "'a final decision with respect to an arbitration,' 9 U.S.C. §16(a)(3), which is a decision that 'ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment.'" *MediVas*, 741 F.3d at 6 (citing *Green Tree Fin. Corp. – Ala. v. Randolph*, 531 U.S. 79, 86 (2000)). As is the case here, when an order compelling arbitration does not explicitly dismiss nor stay the underlying claims, this Court adopts a rebuttable presumption that the order has effectively stayed the litigation – a rebuttable presumption that the order is not final and thus, unappealable under section 16(a)(3) of the FAA. *Id*. at 9. As such, unlike RIM argues, orders that fall short of an outright dismissal can still be appealed if a party can rebut the presumption that such orders are not final decisions with respect to an arbitration.

Here, a reasonable and fair review of the context in which the district court's order was issued shows that the district court intended the order to be an immediately appealable "final decision." *See id.* (noting that "the finality of an order compelling arbitration is determined by the context in which it was issued[.]") First, the district court explicitly expressed its intent during the May 24, 2012 hearing on RIM's Motion to Compel. At the hearing the district court ordered the parties to provide supplemental briefing on the issue of severability before issuing its final decision on the unconscionability of RIM's arbitration

4

agreement. In responding to a question posed by RIM's counsel, the district court acknowledged its preference in providing one order when the eventual order on the motion to compel would be appealable. Specifically the exchange went as follows:

> **Mr. Webb**: Should we wait until we have your final opinion on this motion to compel arbitration because, once we know your final decision, I don't know whether that – after we see the final decision whether that might impact the pleading that we're talking about filing on severability and reformation.
>
> **The Court**: No, because I'll just want to issue one order, especially where it would be an appealable order to try to split it up. Then it becomes an issue as to what was appealable then.

DCD No. 28, at 31 (Exhibit B).

This exchange, which took place before both parties, evidences the district court's intent that its final decision regarding RIM's motion to compel arbitration would be immediately appealable. The fact that the district court did not explicitly express this intent in its final order compelling arbitration is not dispositive. *See MediVas*, 741 F.3d at 9 (adopting the rebuttable presumption and noting that finality of the order is determined by examining the context in which the order was issued).

Second, this Court's ultimate decision in *MediVas* is inapplicable here, as the facts are distinguishable. This Court's decision in *MediVas* that the order compelling arbitration was an unappealable interlocutory order did not turn on the mere fact that the order was silent as to the dismissal or stay of the underlying

5

claims, but rather, turned on the context in which the order was issued, including the procedural history and the action of the parties. *Id.* at 8.

In *MediVas*, this Court took note that the district court ruled on a "motion to compel arbitration and <u>stay litigation</u>." *Id.* (emphasis added). Such an order explicitly requests the district court to stay the proceedings, and therefore, by granting the motion the district court "intended to stay, not dismiss, [the] claims." *Id.* This Court also examined the actions of the parties. Of most importance was the fact that MediVas "did not file a notice of appeal [with this Court] until after the arbitration had finished and the award had been finalized." *Id.* This was detrimental to MediVas' argument considering that "after the arbitration ha[d] ended, one of Medivas' claims for relief remained pending before the district court." *Id.* It was in this context that this Court decided the district court's order implicitly stayed the action and thus was not a final decision with respect to an arbitration.

In contrast to the facts before this Court in *MediVas*, here, RIM's motion to compel arbitration did not explicitly request the district court to stay the proceeding. Rather, RIM's motion to compel simply asked the district court to compel arbitration, or in the alternative, dismiss the underlying claims. Further, unlike MediVas, Mitchell did not wait to file his appeal until after the underlying claims had been heard and decided in arbitration. Mitchell's appeal immediately

6

followed the district court's order compelling arbitration. As such, none of Mitchell's claims remain after arbitration, as was the case in *MediVas*.

Examining the context in which the district court's order was issued proves intent to leave nothing before the district court but the possibility that the district court might be called upon to give effect to an arbitral decision. Such an order, that does not explicitly stay that action, is indistinguishable in effect from an order dismissing the action and closing the case. In the latter event, as in the former, the orders contemplate that the parties will proceed to binding arbitration and that the parties following the arbitral award can seek court intervention to confirm or set aside the award.

As noted, in order to define "final decision," this Court applies the well-developed and longstanding meaning to be a decision "that ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Medivas*, 741 F.3d at 6. The mere fact that the district court retained jurisdiction over this action, rather than explicitly dismiss, does not preclude the order from being final. In concurring with the 5th Circuit decision in *Am. Heritage Life Ins. Co. v. Orr,* 294 F.3d 702 (5th Cir. 2002), the Honorable James Dennis noted that "it is not uncommon for district courts to compel arbitration but also retain jurisdiction pending the arbitration for the purpose of addressing any subsequent motions to confirm, modify, or vacate the award." *Am. Heritage Life Ins. Co. v.*

7

*Orr,* 294 F.3d 702, 714-15 (5th Cir. 2002)(Dennis, J., concurring). Retaining jurisdiction for the purpose of entertaining any subsequent motions to confirm, modify, or vacate equates to an administrative closure of the case, essentially permitting the district court to remove the case from its active files without making any final adjudication on the merits. *Id.* This action by a district court "has no jurisdictional significance." *Dees v. Billy*, 394 F.3d 1290, 1294 (9th Cir. 2005)("An order administratively closing a case is a docket management tool that has no jurisdictional effect.").[4,5]

Here, the closure component of the district court's order reveals the district court's intention to retain jurisdiction and administratively close the case. The district court expressly noted that it was retaining jurisdiction for the purpose of "entertaining any motion to confirm the award of the arbitrator…" DCD No. 39 at 16. The act of administratively closing the case has no jurisdictional significance and does not alter the finality of a district court decision to compel arbitration. *See*

---

[4] Mitchell does not contend that an administrative closing creates appellate jurisdiction. Rather, Mitchell simply argues that an administrative closing does not preclude appellate jurisdiction, because an administrative closing does not equate to an explicit stay of the case. *See Dees v. Billy,* 394 F.3d 1290, 1294 (9th Cir. 2005)(holding that an order administratively closing a case has no jurisdiction effect, but there is a lack of appellate jurisdiction when a district court explicitly stays a case.).

[5] This Court's decision in *Dees v. Billy,* 394 F.3d 1290 (9th Cir. 2005) is also inapplicable to this matter, as this case does not involve a district court order explicitly staying the case.

8

*Dees*, 394 F.3d at 1294. As such, RIM is incorrect in arguing that by retaining jurisdiction the district court "clearly intended" not to dispose of the entire case. Rather, by retaining jurisdiction after compelling arbitration, the district court was able to effectively remove the case from its crowded docket without having to issue a merits based dispositive decision.

    Here, the rebuttable presumption adopted by this Court is overcome by a fair review of the context in which the district court issued its order compelling arbitration. During oral argument on RIM's Motion to Compel, the district court clearly expressed its belief that its final decision would be "an appealable order[.]" DCD No. 28, at 31. Although the district court did not explicitly express this intent in its final order, as the cases cited by RIM and appearing in this brief inform, this fact is not dispositive. *See MediVas*, 741 F.3d at 9 (adopting the rebuttable presumption and noting that finality of the order is determined by examining the context in which the order was issued). Lastly, the mere fact that the district court retained jurisdiction for the purpose of confirming an award of the arbitrator does not alter the finality of the district court's decision. Such action reveals the district court's intent to administratively close the case, an act that has no jurisdictional significance.

9

## IV. CONCLUSION

For the above reasons, this Court has jurisdiction to hear Mitchell's appeal from the order compelling arbitration as the context in which the order was provided shows that it is a final decision with respect to an arbitration, leaving nothing more for the district court to do but confirm an award issued during arbitration.

                                                           RIDOUT LYON + OTTOSON, LLP

Dated: March 5, 2014        By:   /s/Caleb Marker
                                                    Christopher P. Ridout
                                                    Caleb L.H. Marker
                                                    RIDOUT LYON + OTTOSON, LLP
                                                    555 E. Ocean Blvd., Suite 500
                                                    Long Beach, California 90802
                                                    (562) 216-7380
                                                    (562) 216-7385 Facsimile

                                                    Bradley C. Buhrow
                                                    ZIMMERMAN REED, PLLP
                                                    14646 N. Kierland Blvd., Suite 145
                                                    Scottsdale, Arizona 85254
                                                    (480) 348-6400
                                                    (480) 348-6415 Facsimile

                                                    *Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

This brief complies with the length limits set forth at Ninth Circuit Rule 32-4. The brief's type size and type face comply with Federal Rules of Appellate Procedure 32(a)(5) and (6).

Dated:  March 5, 2014                    /s/Caleb Marker
                                                                  Christopher P. Ridout
                                                                  Caleb L.H. Marker
                                                                  RIDOUT LYON + OTTOSON, LLP

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on March 5, 2014.  Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.


Dated:  March 5, 2014    /s/Caleb Marker
                                                Christopher P. Ridout
                                                Caleb L.H. Marker
                                                RIDOUT LYON + OTTOSON, LLP