# UNITED STATES COURT OF APPEAL

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC MITCHELL,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>RESEARCH IN MOTION, LTD and RESEARCH IN MOTION CORPORATION,<br><br>Defendants and Appellees. | Ninth Circuit Case No.: 13-55022<br><br>District Court Case No.: CV11-8872-MWF (VBKx)<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS APPEAL** |

## TABLE OF CONTENTS

**PAGE(S)**

I. INTRODUCTION ........................................................................................1

II. LEGAL ANALYSIS ...................................................................................1

    A. Mitchell Cannot Satisfy His Burden Under *MediVas*...........................1

    B. Mitchell Cannot Distinguish the Controlling Case Law.......................4

III. CONCLUSION............................................................................................6

## **TABLE OF AUTHORITIES**
**PAGE(S)**

Federal Cases

*Am. Heritage Life Ins. Co. v. Orr*,
   294 F.3d 702 (5th Cir. 2002)..................................................................................5

*Bushley v. Credit Suisse First Bos.*,
   360 F.3d 1149 (9th Cir. 2004) ..............................................................................5

*MediVas, LLC v. Marubeni Corp.*,
   741 F.3d 4 (9th Cir. 2014)................................................................... 1, 2, 4, 5

# REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL

## I.

## INTRODUCTION

Plaintiff and Appellant Eric Mitchell concedes that the District Court did not explicitly dismiss his claims. Nor did the District Court *implicitly* dismiss his claims. To the contrary, the District Court stayed and retained jurisdiction over Mitchell's claims pending arbitration. Accordingly, Mitchell's appeal must be dismissed for lack of jurisdiction.

## II.

## LEGAL ANALYSIS

### A.  Mitchell Cannot Satisfy His Burden Under *MediVas*

"[A]n order compelling arbitration may be appealed if the district court dismisses all the underlying claims, but may not be appealed if the court stays the action pending arbitration." *MediVas, LLC v. Marubeni Corp.*, 741 F.3d 4, 7 (9th Cir. 2014)("*MediVas*"). Here, Mitchell concedes that the District Court's order compelling arbitration ("Order") did not explicitly dismiss his claims. (Mitchell's Opposition, 9th Cir. Docket No. 21-1 (hereafter "Opp.") at 3.) Accordingly, the Order presumptively "stay[ed] the action as to those claims pending the completion of the arbitration." *MediVas* at 9. Although that presumption may be rebutted, it presents a high bar: "the finality of an order compelling arbitration is determined

by the context in which it was issued, but our review of that context is weighted against finality." *Id.* Mitchell cannot clear that bar here.

The plain language of the Order, as well as the context in which it was issued, demonstrates that the District Court had *no* intention of dismissing Mitchell's claims. For example, the Order states that the District Court retains "jurisdiction over this action, including, without limitation, for the purposes of entertaining any motion to confirm the award of the arbitrator and for granting such other and further relief as the Court may deem proper." (District Court Docket No. 39 at 16.) The Order also requires the parties "to file a joint status report with the Court within 90 days of the date of this Order, and every 90 days thereafter until such time that there is a decision by the arbitrator." (*Id.*) In short, the Order reveals an intent to stay Mitchell's claims and to supervise further litigation between the parties – including the possibility of granting additional relief – and not to dismiss those claims, as Mitchell suggests.

Mitchell's reliance on a single off-hand comment concerning an "appealable order" made by the District Court in a colloquy with BlackBerry's counsel is misplaced. (Opp. at 4-5 (quoting transcript attached as Ex. B).) *First*, the Order itself is the best evidence of the District Court's ultimate intent. As described above, the Order reveals an intention to stay Mitchell's claims, not dismiss them. The District Court's stray remark does not change or overcome the text of the

Order itself, especially where the District Court was merely "thinking out loud" when it made the remark. (*See* Opp. Ex. B (9th Cir. Docket 21-4) at 31:10-11.) Nor can this comment be construed as reflecting the considered opinion of the District Court, particularly where the Order followed seven months later, after a second round of briefing, a second round of oral argument and further deliberation by the District Court. (*See* District Court Docket No. 26 (first round of oral argument in May 2012), Nos. 30-33 (further briefing in June 2012), No. 37 (second round of oral argument in July 2012) and No. 39 (Order issued in December 2012).)

Second, Mitchell misconstrues the comment's context. The comment occurred during a discussion about *Blackberry's* potential appeal, not Mitchell's potential appeal. The District Court had tentatively concluded that certain provisions of the BBSLA were unconscionable, and requested additional briefing on whether those provisions were severable. (*See* Opp. Ex. B (9th Cir. Docket No. 21-4) at 29:15-31:9.) Had the Court not severed the provisions and denied Blackberry's motion to compel arbitration, that order would have been immediately appealable by Blackberry under Section 16(a)(1) of the Federal Arbitration Act. Thus, the District Court stated that it would "issue one order" addressing both unconscionability and severability, because if the Court ruled against Blackberry on both issues, but did so in separate orders, "then it becomes an issue as to what was appealable then." (*Id.* at 31:19-24.) Accordingly, the cited

- 3 -

transcript, fairly and properly read, makes clear that the District Court's remarks reflect a concern about the timing of *Blackberry's* potential appeal of an order *denying* arbitration, not *Mitchell's* instant appeal of an order *compelling* arbitration.

### B.    Mitchell Cannot Distinguish the Controlling Case Law

Mitchell's attempts to distinguish *MediVas* from the instant case lack merit. *First,* he argues that the defendant in *MediVas* requested a stay pending arbitration, but that neither party moved for a stay here. But *MediVas* did not focus on what the parties requested, it focused on what the district court actually did. As described in *MediVas*, the district court did not explicitly dismiss the underlying claims, and therefore, implicitly stayed them. The same is true here.

Moreover, even if the failure to move for a stay creates an ambiguity in the record, that ambiguity must be resolved against finality. *See MediVas* at 9 (order compelling arbitration presumptively stays claims and review by this Court is "weighted against finality"). As appellant, it was Mitchell's obligation to "request[] a clarifying order from the district court before taking this appeal." *Id*. Mitchell cannot create appellate jurisdiction by pointing to supposed ambiguities in the record that he failed to correct.

*Second,* Mitchell argues that it was "of most importance" to the Court in *MediVas* that the plaintiff "did not file a notice of appeal [with this Court] until

- 4 -

after the arbitration had finished and the award had been finalized." (Opp. at 6 (alterations in original).) Mitchell again misreads the case. *MediVas* identified the case's similarities to *Bushley v. Credit Suisse First Bos.*, 360 F.3d 1149 (9th Cir. 2004) as "most important[] for this appeal." *MediVas* at 7. Specifically, in both cases the district court sent "several claims to arbitration" and then failed to "enter judgment or rule on the defendant's motions to stay or dismiss the proceedings." *MediVas* at 7. On this record, the Court in *MediVas* concluded that the claims sent to arbitration "were implicitly stayed rather than dismissed." *Id.* at 8. Contrary to Mitchell's argument, the *MediVas* plaintiff's delay in bringing the appeal offered only minor support for this conclusion.[1] *Id.*

In short, despite Mitchell's efforts to distinguish it from the instant case, *MediVas* controls, and requires dismissal of Mitchell's appeal.

---

[1] Mitchell's reliance on a concurring opinion in an out of circuit case, *Am. Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 707 (5th Cir. 2002), is also misplaced. (*See* Opp. at 7.) As this Court held in *Dees v. Billy*, "Judge Dennis's *American Heritage* concurrence clarifies that the court's appellate jurisdiction derived … from the fact that the district court had entered a final decision by compelling arbitration *in an action brought solely for that purpose*." 394 F.3d 1290, 1293 (9th Cir. 2005) (emphasis added). Where, as here, the plaintiff did not bring suit *solely* to compel arbitration, *American Heritage* has no application. *Id.*

## III.

## CONCLUSION

The record strongly supports the presumption that the District Court intended to stay, not dismiss, Mitchell's claims. The District Court's passing comment, made months earlier in a different context, about a different potential appeal, is insufficient to overcome the presumption that the District Court implicitly stayed this case. Accordingly, the Court lacks jurisdiction to hear Mitchell's appeal from the Order, and the appeal should be dismissed.

DATED: March 12, 2014                SCHEPER KIM & HARRIS LLP
                                     DAVID C. SCHEPER (Bar No. 120174)
                                     GREGORY A. ELLIS (Bar No. 204478)
                                     ALEXANDER H. COTE (Bar No. 211558)


                                     By:  /s/ Alexander H. Cote
                                          Alexander H. Cote
                                          601 West Fifth Street, 12th Floor
                                          Los Angeles, California  90071-2025
                                          Telephone: (213) 613-4655
                                          Facsimile: (213) 613-4656

                                          Attorneys for Defendants and Appellees
                                          RESEARCH IN MOTION LTD and
                                          RESEARCH IN MOTION
                                          CORPORATION